**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. _____

| | |
|---|---|
| **UNITED STATES OLYMPIC COMMITTEE,** | ) ) ) |
| **Plaintiff,** | ) ) |
| **vs.** | ) ) |
| **ALAN BACHAND, an individual,** | ) ) |
| **Defendants.** | ) ) ) |

**COMPLAINT FOR VIOLATION OF THE**
**OLYMPIC AND AMATEUR SPORTS ACT AND LANHAM ACT**

Plaintiff United States Olympic Committee (the "USOC"), by and for its complaint against Defendant Alan Bachand ("Bachand"), alleges as follows:

**JURISDICTION AND VENUE**

1.      The USOC files this action against Defendant for violation of the Olympic and Amateur Sports Act (the "Olympic and Amateur Sports Act"), 36 U.S.C. §220501 *et seq.* and the Lanham Act, 15 U.S.C. §1051 *et seq.*  This Court has jurisdiction over this claim pursuant to 28 U.S.C. Section 1331.

2.      The USOC is informed and believes that Defendant Bachand is an individual residing in Ft. Pierce, Florida.  This action arises out of wrongful acts committed by Defendant in this judicial district which subjects Defendant to the personal jurisdiction of this Court.  Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

**PARTIES**

3.      The USOC is a non-profit, federally chartered corporation with its principal place of business at One Olympic Plaza, Colorado Springs, Colorado 80909-5760.

4.     The USOC alleges upon information and belief that Defendant Bachand is an individual operating an online business from the state of Florida.

## FACTS GIVING RISE TO THE DISPUTE

### The USOC and the Olympics Marks

5.     Since the first modern Olympic Games in Athens, Greece in 1896, the USOC has used certain unique symbols and terminology in connection with the United States' participation in the Olympic Games.  The words and terminology have included the Five Interlocking Rings (the "OLYMPIC Symbol") and the words OLYMPIC, OLYMPIAD, CITIUS, ALTIUS, FORTIUS and other words as well as any simulation or combination thereof (collectively the "OLYMPIC Marks").  The goodwill associated with these marks arises from and is due in large part to the USOC's efforts.  These marks are valuable assets, and this value ensures the USOC's long-term ability to fund the U.S. Olympic Team's participation in the Olympic Games and other activities.

6.     Pursuant to the Olympic and Amateur Sports Act (and its predecessor statute, the Amateur Sports Act of 1978, 36 U.S.C. §371, *et seq*.), the USOC was granted, *inter alia*, the exclusive right to use the OLYMPIC Marks in the United States.   The Act also provides the USOC the right to bring a civil action against any person who uses any of the OLYMPIC Marks, "without the consent of the [USOC] . . . for the purpose of trade, to induce the sale of any goods or services . . . ."  36 U.S.C. §220506(c).

7.     In addition to its common-law rights and its rights under the Olympic and Amateur Sports Act, the USOC owns a wide variety of United States Trademark registrations, in various classes, relating to the Olympic Games, including, but not limited to, the following (hereinafter collectively referred to as the "USOC's Registered Marks"):

| REGISTRATION | MARK | CLASS(ES) |
|---|---|---|
| Reg. No. 968,566 | OLYMPIC | 14, 16, 28, 35 |
| Reg. No. 980,734 | UNITED STATES OLYMPIC COMMITTEE | 8, 14, 16, 41, 200 |

| REGISTRATION | MARK | CLASS(ES) |
|---|---|---|
| | (and Design with Olympic Symbol) | |
| Reg. No. 2,311,493 | OLYMPIC | 41 |
| Reg. No. 2,777,890 | OLYMPIC | 25 |
| Reg. No. 2,988,886 | OLYMPIC MANAGEMENT SYSTEM | 9 |
| Reg. No. 2,768,968 | VANCOUVER 2010 | 35 |
| Reg. No. 3,008,326 | VANCOUVER 2010 | 1, 3, 4, 5, 9, 12, 14, 16, 18, 25, 28, 29, 30, 32, 36, 38, 39, 42, and 43 |
| Reg. No. 3,056,792 | LONDON 2012 | 35 |
| Reg. No. 3,533,169 | LONDON 2012 | 1, 3, 4, 5, 7, 11, 12, 16, 18, 28, 29, 30, 32, 36, 37, 38, 39, 41, 42, and 43 |
| Reg. No. 3,261,506 | VANCOUVER 2010 | 41 |
| Reg. No. 3,488,710 | SOCHI 2014 (and Design with Olympic Symbol) | 35, 41 |
| Reg. No. 3,479,682 | RIO 2016 (and Design with Olympic Symbol) | 35, 41 |

True and correct copies of the USOC's federal registrations listed above, as printed from the United States Patent and Trademark Office website, are attached hereto as **Exhibit 1.**

8.      Since 1950, the USOC has been entrusted under federal law with responsibility for coordinating and developing amateur athletic activity in the United States directly related to international amateur athletic competition and has been granted exclusive jurisdiction over all matters pertaining to participation of the United States in the Olympic Games.  To fulfill these responsibilities, the USOC obtains most of its funding through sponsorship fees, suppliership agreements and fees obtained through licensing of media properties and merchandise.  These fees are used to house, feed, train and otherwise support U.S. Olympic athletes and to finance the United States' participation in the Olympic Games.

9.      For example, in 1997-2009, these fees were used to assist the USOC in:

(a)      annually hosting approximately 25,000 athletes, coaches, officials and program staff for the National Governing Bodies ("NGBs") for the individual Olympic sports at its three

3

Olympic training centers (located in Chula Vista, California, Colorado Springs, Colorado and Lake Placid, New York) and at its U.S. Olympic Education Center in Marquette, Michigan;

(b)    committing at least $8 million to various college conferences to support emerging Olympic sports, such as women's ice hockey, or Olympic sports that are declining at the collegiate level, such as men's gymnastics;

(c)    working with local communities and assisting in funding approximately twenty sports in partnership with NGBs on behalf of the Community Olympic Development Programs in Atlanta, Georgia, Crown Point, Indiana, Springfield, Missouri, Moorestown, New Jersey, San Antonio, Texas and Park City, Utah;

(d)    directing a total of over $117 million in grants to over 3,000 individual athletes (with awards ranging from $200 to $100,000);

(e)    awarding millions of dollars in grants to its member organizations such as the NGBs for individual Olympic sports;

(f)    providing support to U.S. athletes and teams in national and international competitions; and

(g)    funding the USOC's many other statutory functions.

10.    Unlike most other National Olympic Committees around the world, the USOC does not rely on the federal government for a substantial portion of its funding.  Therefore, its exclusive rights under the Olympic and Amateur Sports Act (as well as the rights it has under the Lanham Act and other law) to the use of, *inter alia*, the word OLYMPIC and the OLYMPIC Symbol are critical to the USOC's continued ability to fulfill its federally chartered mission.

### Defendant's Improper Uses

11.    The USOC discovered in early 2009 that Mr. Bachand had registered the domain name OLYMPICSBESTHOTELS.COM on November 10, 2008.  Mr. Bachand's domain name OLYMPICSBESTHOTELS.COM incorporated wholesale the well-known OLYMPIC Mark, and he used this domain name to offer for sale hotel and lodging accommodations falsely and misleadingly described as "Olympics' Best Luxury and Affordable Hotels, Lodging and

4

Accommodations."  The website also made extensive use of the OLYMPIC Marks, including OLYMPICS, OLYMPIADS, VANCOUVER 2010, LONDON 2012, and SOCHI 2014—all identical or confusingly similar to the marks used by the USOC.

12.     In response to the USOC's efforts to contact Mr. Bachand and resolve this issue, Mr. Bachand threatened to re-register the OLYMPICSBESTHOTELS.COM domain name in Jamaica as an attempt to move the registration venue outside the authority of the USOC.  On October 27, 2009, the USOC subsequently filed a Complaint in Accordance with Uniform Domain Dispute Policy with the World Intellectual Property Organization ("WIPO") Arbitration and Mediation Center.  On December 22, 2009, WIPO issued an Administrative Panel Decision finding that the domain name was identical or confusingly similar to the USOC's OLYMPIC Marks, that Mr. Bachand had no rights or legitimate interests in the domain name, and that Mr. Bachand had registered and used the domain name in bad faith.  Accordingly, the domain name was transferred to the USOC.  A true and correct copy of the decision in *United States Olympic Committee (USOC) v. Alan Bachand*, Case No. D2009-1452, is attached hereto as **Exhibit 2.**

13.     On information and belief, Mr. Bachand owns or controls the following websites: (1) www.superhotelrooms.com, (2) www.14sb.com, (3) www.best2010hotels.com, (4) www.thefinalshotels.com, (5) www.tailgateus.com, (6) www.luxurysuperbowlhotels.com, and (7) www.superhotelsbowl.com.  In June 2011, the USOC discovered that Mr. Bachand was using the USOC's Registered Marks again, including the OLYMPIC Marks, VANCOUVER 2010, LONDON 2012, SOCHI 2014, and RIO 2016, on these websites.  On some of these websites, Mr. Bachand was also purporting to offer event tickets for the Olympic Games, even though he is not an authorized ticket seller.

14.     After discovering Mr. Bachand's use of the USOC's Registered Marks on these websites, the USOC's counsel wrote to Mr. Bachand on June 14, 2011, and demanded that he cease his infringing activities.  A true and correct copy of this letter is attached as **Exhibit 3.**

15.     The USOC and Mr. Bachand subsequently engaged in a series of communications during which Mr. Bachand would promise to remove all infringing material but then make only small changes to one of his many websites, with many infringing uses remaining.  Mr. Bachand stopped responding to the USOC's requests in January 2012.

16.     Defendant has neither sought nor received authorization from the USOC to use the USOC's Registered Marks in any manner to promote Defendant's business.

17.     To the contrary, beginning in June 2011, and continuing through the present day, the USOC has been demanding, both orally and in writing, that Defendant cease and desist his improper use of the USOC's Registered Marks.

18.     The USOC has made repeated attempts since June 2011 to obtain Defendant's compliance with the Olympic and Amateur Sports Act and the Lanham Act.  These attempts have all proven unsuccessful.  Defendant repeatedly has assured the USOC that he would voluntarily cease the improper use of the USOC's Registered Marks, but Defendant has nevertheless refused to cease his infringing activity.

19.     Defendant's use of the USOC's Registered Marks damages the value of the USOC's exclusive rights in those marks.

20.     Defendant's unauthorized use of the OLYMPIC Marks to promote his business violates an express prohibition in the Olympic and Amateur Sports Act.

### COUNT I
**(Violation Of The Olympic And Amateur Sports Act)**
**(36 U.S.C. §220506(c))**

21.     The allegations of paragraphs 1 through 20 are incorporated herein by reference.

22.     Defendant's unauthorized use of the OLYMPIC Marks is a use for the purpose of trade and to induce the sale of Defendant's goods and services.

23.   The USOC has not consented to Defendant's use of the OLYMPIC Marks for the purpose of trade and to induce the sale of Defendant's goods and services.

24.   The USOC is informed and believes, and on that basis alleges, that Defendant's violations of the Olympic and Amateur Sports Act have been and continue to be intentional, willful and without regard to the USOC's rights.

25.   The USOC is informed and believes, and on that basis alleges, that Defendant has gained profits by virtue of his use of the OLYMPIC Marks.

26.   The USOC also has sustained damages as a result of Defendant's violations of the Olympic and Amateur Sports Act.

27.   Unless Defendant is enjoined, he will continue to promote his business by unlawfully using the OLYMPIC Marks in the United States and in this jurisdiction.

28.   Defendant's unauthorized use has caused and will continue to cause the USOC to suffer immediate and irreparable injury, loss and damage because, among other things:  (a) the USOC's statutory exclusive rights to use the OLYMPIC Marks have been and will continue to be violated; and (b) the USOC's ability to obtain fees from sponsorships, supplierships and licensing of goods, services and merchandise will be diminished or undermined by Defendant's unauthorized use of the OLYMPIC Marks.  Accordingly, the USOC is entitled to preliminary and permanent injunctive relief barring Defendant from engaging in violations of the Olympic and Amateur Sports Act.

29.   Because Defendant's willful attempt to circumvent the consent requirements of the Olympic and Amateur Sports Act demonstrates Defendant's bad faith violation of the Olympic and Amateur Sports Act, the USOC is entitled under 36 U.S.C. Section 220506(c), 15 U.S.C. §117(a) and 15 U.S.C. §1117(b) to treble its actual damages or Defendant's profits, whichever is greater.  Alternatively, the USOC is entitled to the maximum statutory damages allowed under 15 U.S.C. §1117(c).  The USOC will make its election at an appropriate time before final judgment.

30.   This is an "exceptional case" pursuant to 36 U.S.C. §220506(c) and 15 U.S.C.

7

§1117(a) and, as such, the USOC is also entitled to recover its attorney's fees from Defendant.

31.     Pursuant to 36 U.S.C. §220506(c) and 15 U.S.C. §1117(a), the USOC is also entitled to recover the costs of suit.

**COUNT II**
**(Infringement of Registered Mark)**
**(15 U.S.C. §1114)**

32.     The allegations of paragraphs 1 through 31 are incorporated herein by reference.

33.     The USOC owns numerous federal trademark registrations in the OLYMPIC Marks, VANCOUVER 2010, LONDON 2012, SOCHI 2014, and RIO 2016.

34.     The USOC and its licensees have marketed, advertised and promoted their goods and services under the USOC's Registered Marks and as a result of this marketing, advertising and promotion, the USOC's Registered Marks are understood to signify the goods and services of the USOC and its licensees, and are the means by which those goods and services are distinguished from those of others in the same and in related fields.

35.     At all relevant times herein, Defendant has had actual and constructive knowledge and notice of the USOC's Registered Marks.

36.     The activities of Defendant described herein are likely to cause confusion, deception and mistake by creating the false and erroneous impression that the services provided, offered, advertised and marketed by Defendant are approved, sponsored and/or endorsed by the USOC, or are in some other way connected or affiliated to the USOC.

37.     The USOC is informed and believes, and on that basis alleges, that Defendant's violations of the Lanham Act have been and continue to be intentional, willful and without regard to the USOC's rights.

38.     The USOC is informed and believes, and on that basis alleges, that Defendant has gained profits by virtue of Defendant's infringing actions.

39.     The USOC also has sustained damages as a result of Defendant's violations of the Lanham Act.

40.    Unless Defendant is enjoined, Defendant will continue to promote itself by unlawfully using the word OLYMPIC, the OLYMPIC Symbol, VANCOUVER 2010, LONDON 2012, SOCHI 2014, and RIO 2016 in the United States and in this jurisdiction.

41.    Defendant's unauthorized uses have caused and will continue to cause the USOC to suffer immediate and irreparable injury, loss and damage.  Accordingly, the USOC is entitled to preliminary and permanent injunctive relief.

42.    Because Defendant's willful attempt to circumvent the consent requirements of the Lanham Act demonstrates Defendant's bad faith violation of the Lanham Act, the USOC is entitled under 15 U.S.C. §1117(a) and 15 U.S.C. §1117(b) to treble its actual damages or Defendant's profits, whichever is greater.  Alternatively, the USOC is entitled to the maximum statutory damages allowed under 15 U.S.C. §1117(c).  The USOC will make its election at an appropriate time before final judgment.

43.    This is an "exceptional case" pursuant to 15 U.S.C. §1117(a) and, as such, the USOC is also entitled to recover its attorney's fees from Defendant.  Also, because the Defendant intentionally used the word OLYMPIC, the OLYMPIC Symbol, VANCOUVER 2010, LONDON 2012, SOCHI 2014, and RIO 2016 in connection with the sale of its services, knowing that they were counterfeit marks, the USOC is entitled to recover its reasonable attorney's fees from Defendant under 15 U.S.C. Section 1117(b).

44.    Pursuant to 15 U.S.C. §1117(a), the USOC is also entitled to recover the costs of suit.

WHEREFORE, the USOC prays for relief as follows:

1.    That Defendant be adjudged to have used the OLYMPIC Marks, VANCOUVER 2010, LONDON 2012, SOCHI 2014, and RIO 2016 for the purposes of trade without the authorization of the USOC, in violation of federal law;

2.    That Defendant be adjudged to have used the OLYMPIC Marks, VANCOUVER 2010, LONDON 2012, SOCHI 2014, and RIO 2016  to induce the sale of his goods and services without the authorization of the USOC, in violation of federal law;

3.      That Defendant and his affiliates, employees, agents, successors and assigns, and all those persons in active concert or participation with them, be preliminarily and permanently enjoined and restrained from: using, for the purpose of trade or to induce the sale of goods and services, the OLYMPIC Marks, VANCOUVER 2010, LONDON 2012, SOCHI 2014, RIO 2016, or any simulation of the OLYMPIC Marks tending to cause confusion or mistake, to deceive, or to falsely suggest a connection with the USOC or the Olympic Games.

4.      Pursuant to 15 U.S.C. §1116(a), for an order directing that Defendant be directed to file with this Court and to serve upon the USOC within 30 days after service upon Defendant of this Court's injunction issued in this action, a written report sworn to and signed under oath setting forth in detail the manner in which he has complied with such injunction;

5.      For an award of the USOC's actual or statutory damages or Defendant's profits;

6.      For an award of three times the USOC's actual damages or Defendant's profits;

7.      For the USOC's reasonable attorneys' fees;

8.      For an award of costs;

9.      For an award of pre-judgment interest; and

10.     For all other relief the Court deems just and proper.

Dated:  May 24, 2012

**BILZIN SUMBERG BAENA PRICE & AXELROD LLP**
1450 Brickell Avenue
Suite 2300
Miami, FL 33131
Telephone:     (305) 374-7580
Facsimile:      (305)

By:      s/ Scott N. Wagner
         SCOTT N. WAGNER
         Florida Bar No. 51662
         swagner@bilzin.com
         LORI P. LUSTRIN
         Florida Bar No. 59228
         llustrin@bilzin.com

*-and-*

**ARNOLD & PORTER LLP**
DOUGLAS A. WINTHROP
*(application for pro hac vice to be submitted)*
douglas.winthrop@aporter.com
SARAH J. GIVAN
*(application for pro hac vice to be submitted)*
sarah.givan@aporter.com
Three Embarcadero Center, 7th Floor
San Francisco, CA 94111-4024
Telephone:     (415) 471-3100
Facsimile:     (415) 471-3400

***Attorneys for Plaintiff***
***United States Olympic Committee***

11